NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000689
28-FEB-2019
10:45 AM

NO. CAAP-15-0000689

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AMERICAN SAVINGS BANK, F.S.B.,
Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF THE HANOHANO HALE,
Defendant-Appellant,
and
MARC DOMINIC DE LUCA; EVELYN AMY KUROSUMI, AS TRUSTEE OF THE
EVELYN AMY KUROSUMI REVOCABLE LIVING TRUST, DATED
AUGUST 30, 1994; MARTHA F. HIRONAKA, AS SUCESSOR TRUSTEE
OF THE SAM S. HIRONAKA REVOCABLE LIVING TRUST,
ESTABLISHED BY THE UNRECORDED INSTRUMENT DATED MARCH 7, 1985,
AS AMENDED AND RESTATED,
Defendants-Appellees,
and
THE ESTATE OF THOMAS CHARLES DE LUCA, DECEASED; JOHN DOES 1-10;
JANE DOES 3-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2680)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a foreclosure action,
Defendant-Appellant Association of Apartment Owners of Hanohano
Hale (the AOAO) appeals from the "Judgment Re: Order Granting
Plaintiff American Savings Bank, F.S.B.'s Motion for Confirmation
of Sale, Directing Distribution of Proceeds, for Writ of

Possession and Disposal of Personal Property, Filed April 8, 2015" (Judgment) entered on August 28, 2015, by the Circuit Court of the First Circuit (circuit court).[1]

The Judgment was entered on an order (Order) confirming the sale of foreclosed property on which Plaintiff-Appellee American Savings Bank, F.S.B. (ASB) had already obtained a prior judgment on a decree of foreclosure against the AOAO and Defendants-Appellees Marc Dominic De Luca; Evelyn Amy Kurosumi, as Trustee of the Evelyn Amy Kurosumi Revocable Living Trust, dated August 30, 1994; and Martha F. Hironaka, as Successor Trustee of the Sam S. Hironaka Revocable Living Trust, established by the Unrecorded Instrument dated March 7, 1985, as amended and restated (the Other Defendants).

In the Order, the circuit court ruled that the amount of special assessment the AOAO was entitled to collect pursuant to Hawaii Revised Statutes (HRS) § 514B-146 (2006 & Supp. 2017) was zero. On appeal, the AOAO contends that the circuit court erred in its interpretation of HRS § 514B-146 in reaching its conclusion. The AOAO asserts that, following completion of its nonjudicial foreclosure, the Property was still delinquent and the AOAO's lien on the Property remained, and thus, the AOAO was entitled to recover special assessments from ASB, as the purchaser of the delinquent unit.[2]

As discussed below, we affirm.

## I. BACKGROUND

In October 2013, ASB initiated judicial foreclosure proceedings on a condominium unit located in Hau'ula, Hawai'i (the Property), pursuant to a mortgage executed by the unit owners, Thomas Charles De Luca and Marc De Luca. On April 3, 2014, the AOAO filed a lien on the Property in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i (Land Court)

---

[1] The Honorable Bert I. Ayabe presided.

[2] No party challenges the validity of the nonjudicial foreclosure proceedings. See Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch, 143 Hawai'i 219, 426 P.3d 443 (App. 2018). Accordingly, we do not address the issue herein.

pursuant to HRS § 514B-146 for unpaid assessments.

While ASB's judicial foreclosure proceeding was pending, the AOAO initiated and conducted nonjudicial foreclosure proceedings. On May 13, 2014, the AOAO recorded in the Land Court a notice of default and intention to foreclose (Doc. No. T-8898207).

On July 15, 2014, in the judicial foreclosure proceedings, ASB filed its Motion for Summary Judgment as to All Claims and All Parties and for Interlocutory Decree of Foreclosure and Order of Sale (MSJ). In its opposition to the MSJ, the AOAO argued that it had a right to a statutory lien and priority with respect to a six-month special assessment pursuant to HRS § 514B-146(g) and (h) (Supp. 2017). At the hearing on the MSJ on October 22, 2014, the circuit court granted the MSJ and held that the AOAO had a right to a special assessment but that the amount could not be determined at that time.

On November 7, 2014, the AOAO conducted a nonjudicial foreclosure auction under power of sale. As the highest bidder, the AOAO purchased the Property for an amount less than the delinquency. On November 20, 2014, the AOAO filed in the Land Court an affidavit of nonjudicial foreclosure under power of sale (Doc. No. T-9089213). On November 25, 2014, the AOAO recorded a quitclaim deed (Doc. No. T-9094229), conveying title to the Property to itself. The AOAO rented out the Property and collected the rental income.

Subsequently, on March 17, 2015, ASB conducted a public auction in its judicial foreclosure at which it was the highest bidder. In a limited memorandum in opposition to ASB's motion to confirm the sale, the AOAO sought to collect six months of special assessments pursuant to HRS § 514B-146(a), (g), (h), and (k) (Supp. 2017). The circuit court ruled that the amount of the special assessment that the AOAO was entitled to collect was zero.

## II. STANDARD OF REVIEW

Statutory interpretation is reviewed *de novo* by [the appellate] court. When construing a statute, our foremost

3

> obligation is to ascertain and give effect to the intention
> of the legislature, which is to be obtained primarily from
> the language contained in the statute itself. Moreover, it
> is a cardinal rule of statutory interpretation that, where
> the terms of a statute are plain, unambiguous and explicit,
> we are not at liberty to look beyond that language for a
> different meaning. Instead, our sole duty is to give effect
> to the statute's plain and obvious meaning.

Bhakta v. Cnty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953
(2005) (internal quotation marks, citations, and brackets in
original omitted).

### III. DISCUSSION

The AOAO argues that HRS § 514B-146(k) (Supp. 2017)
provides that an association's statutory lien for delinquent
assessments is not extinguished by the association's foreclosure.
Thus, the AOAO asserts, the Property was still delinquent when
ASB purchased it at the judicial foreclosure auction and the AOAO
was entitled to collect a special assessment from ASB. The AOAO
also contends that, during its ownership of the Property, the
regular monthly assessments continued to go unpaid because the
AOAO was required to apply any rental proceeds to its lien for
delinquent assessments.

ASB responds that, pursuant to the plain language of
HRS § 667-102(b) (2016), the AOAO's lien was extinguished upon
the nonjudicial foreclosure sale and the property was no longer
delinquent. Accordingly, ASB asserts that the AOAO no longer had
the right to collect a special assessment because such a right
exists only where the unit being purchased at the foreclosure is
delinquent. See HRS § 514B-146(g) (Supp. 2017). ASB further
argues that once the AOAO became the owner of the Property at the
nonjudicial foreclosure sale, the AOAO was responsible for paying
the regular monthly assessments and consequently, there were no
unpaid assessments for the AOAO to collect.

The AOAO's primary contention is that it had the right
to collect from ASB, the purchaser of the Property, a special
assessment in an amount worth six months of regular monthly
common assessments. In order to reach this conclusion, the AOAO
offers its interpretation of various statutory provisions that

4

are *in pari materia* as they relate to condominium associations and their power to make assessments for regular monthly common area expenses. The statutory provisions will be read with reference to each other. HRS § 1-16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another.").

An association's right to collect a special assessment arises in HRS § 514B-146(g) (Supp. 2017), which provides, in relevant part:

> (g) Subject to this subsection, and subsections (h) and (i), the board may specially assess the amount of the unpaid regular monthly common assessments for common expenses against a mortgagee or other purchaser who, in a judicial or nonjudicial power of sale foreclosure, purchases a delinquent unit[.]

The parties disagree as to whether, at the time of ASB's purchase of the Property at the judicial foreclosure, the Property was "delinquent" for purposes of HRS § 514B-146. As ASB concedes, the AOAO had an automatic statutory lien on the Property that arose pursuant to HRS § 514B-146(a)[3] for unpaid assessments. The AOAO properly filed the lien in the Land Court on April 3, 2014. Pursuant to HRS § 514B-146(a), the AOAO then elected to pursue nonjudicial foreclosure proceedings following the procedures set forth in HRS §§ 667-91 through 667-104 (2016). HRS § 667-102(b)(3) (2016) provides that, after the affidavit and

---

[3]     HRS § 514B-146(a) (Supp. 2017) provides, in relevant part:

(a) All sums assessed by the association but unpaid for the share of the common expenses chargeable to any unit shall constitute a lien on the unit with priority over all other liens, except:

. . .

> (2) Except as provided in subsection (g), all sums unpaid on any mortgage of record that was recorded prior to the recordation of a notice of a lien by the association, and costs and expenses including attorneys' fees provided in such mortgages;

. . . .

The lien of the association may be foreclosed by action or by nonjudicial or power of sale foreclosure procedures set forth in chapter 667, by the managing agent or board, acting on behalf of the association and in the name of the association[.]

conveyance document for a nonjudicial foreclosure are recorded, "[t]he lien of the association . . . shall be automatically extinguished from the unit[.]" Based on the plain language of HRS § 667-102(b)(3), the AOAO's election to pursue nonjudicial foreclosure proceedings therefore extinguished its statutory lien for the delinquent assessments. See First Ins. Co. of Hawaii v. A&B Props., 126 Hawai'i 406, 414, 271 P.3d 1165, 1173 (2012) ("[T]he fundamental starting point for statutory-interpretation is the language of the statute itself." (Citation omitted)).

However, citing to HRS § 667-103 (2016),[4] the AOAO argues that the Property was still delinquent because the AOAO did not recover the full amount of the delinquency at the nonjudicial foreclosure sale. We do not agree with the AOAO's interpretation of HRS § 667-103. Rather, we conclude that HRS § 667-103 relates to the debt personal to the unit owners, unattached to the Property, if the debt is not fully satisfied. This, however, does not affect our conclusion that the AOAO's lien on the Property for unpaid assessments had been extinguished, pursuant to HRS § 667-102(b)(3). In other words, the prior owner's debt to the AOAO could remain but the Property itself was no longer subject to a lien in favor of the AOAO.

The AOAO also directs us to HRS § 514B-146(k) (Supp. 2017) as a basis for its contention that the statutory lien it held was not extinguished by the nonjudicial foreclosure. HRS § 514B-146(k) (Supp. 2017) provides, in relevant part:

> (k)  After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit, any excess rental income received by the association from the unit shall be paid to existing lien holders based

---

[4]      HRS § 667-103 (2016) provides:

Except as provided in section 667-92(f)(2), the recordation of both the conveyance document and the affidavit shall not operate as full satisfaction of the debt owed by the unit owner to the association unless the sale proceeds from the unit or the amounts paid by a purchaser under the special assessment permitted by section 421J-10.5 or 514B-146 are sufficient to satisfy the unit owner's debt to the association[.]

(Emphasis added).

6

> on the priority of lien, and not on a pro rata basis, and shall be applied to the benefit of the unit owner. For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:
>
> (1) The lien for delinquent assessments pursuant to subsections (a) and (b);
>
> . . .
>
> provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

The AOAO argues that the first sentence of the section contemplates that an association foreclosure has occurred, yet subsection (1) still references an association "lien for delinquent assessments." Thus, the AOAO argues, the statutory lien for unpaid assessments must survive the association's foreclosure.[5] We disagree with the AOAO's interpretation of HRS § 514B-146(k). Rather, reading HRS § 514B-146(k)(1) *in pari materia* with HRS § 667-102(b)(3) — which expressly extinguished the lien of the AOAO — we construe HRS § 514B-146(k)(1) as referring to the amount owed for the delinquent assessments that triggered the lien in the first place. In other words, HRS § 514B-146(k) addresses how an association should deal with "excess rental income" after a foreclosure proceeding in which the association acquires title to a unit, and the statute provides for determining excess rental income as net income received by the association after, *inter alia*, paying, crediting, or reimbursing the association for amounts owed for delinquent assessments. Although subsection (k)(1) refers to "[t]he lien[,]" we do not read that language as intending that a lien continues to exist given the contrary and more specific language in HRS § 667-102(b)(3) providing that "[w]hen both the affidavit

---

[5]     The AOAO acknowledges that its interpretation of HRS § 554B-146(k) is in conflict with HRS § 667-102(b)(3), discussed *supra*. The AOAO argues, however, that HRS § 514B-146(k) controls because it was enacted subsequent to HRS § 667-102(b)(3). <u>See</u> <u>Chung Mi Ahn v. Liberty Mut. Fire Ins. Co.</u>, 126 Haw. 1, 9, 265 P.3d 470, 478 (2011) ("In general, when a conflict between two laws is irreconcilable, the later enactment governs."). We decline to employ this interpretation and instead employ the doctrine of *in pari materia* to construe the statutes together.

and the conveyance document are recorded: . . . [t]he lien of the association . . . shall be automatically extinguished from the unit[.]"

We conclude that the unit was not delinquent for purposes of HRS § 514B-146(g) when ASB purchased it via the judicial foreclosure. Accordingly, the AOAO did not have the right to seek a special assessment from ASB. Our conclusion is consistent with the circuit court's initial ruling that the AOAO had the right to a special assessment pursuant to statute, the amount of which could only be determined once ASB purchased the Property at the judicial foreclosure. At the time of the circuit court's ruling, the AOAO's nonjudicial foreclosure had not occurred and the property remained delinquent. Thus, the circuit court was correct in concluding that, at the time, the AOAO had the right to make a claim for a special assessment.

### IV. CONCLUSION

For the foregoing reasons, we affirm the "Judgment Re: Order Granting Plaintiff American Savings Bank, F.S.B.'s Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Writ of Possession and Disposal of Personal Property, Filed April 8, 2015" entered on August 28, 2015, by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

R. Laree McGuire,
Linda E. Ichiyama,
and Cheryl A.K. Fraine
(Porter McGuire Kiakona &
Chow, LLP)
  for Defendant-Appellant.

Jonathan W.Y. Lai
and Thomas J. Berger
(Watanabe Ing LLP)
  for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8